Catron, Ch. J.
delivered the opinion of the court.
There is no subject of every day practice in the courts, less understood than the rights of attornies to appear in causes. In several cases, where no authority could he produced oii the part of the attorney to bring them, they have been dismissed on the motion of the defendant alone for want of authority. In England this matter is of common practice, and has long been regulated by statutes, some of which are in force here, but seem not to have been recognized by the profession. Nothing is better settled in England than that no attorney can appear without a regular warrant of attorney. 1 Bacon’s Ah. Attorney, C. D. An authority to appear is indispensable in every court, if there he a call made for the authority; and any abuse ought to be corrected with an unsparing hand. Happily it is believed hut few *326 occur. That the court may appoint attorneys for the state, or for the defendant, is confirmed by practice and conformable to law. Bacon’s Ab. 296. So the state, like all other parties, may employ and give an authority to any licensed attorney, whereby he has a right to appear, which the court has no right to refuse him; but if questioned, the authority must be produced. Here Mr. Gillespie had not the authority of appearing granted to him by the court, which is of necessity discretionary, depending upon existing circumstances. Nor had he any authority from the state, on whose behalf he claimed the right to appear.
The prosecutor was no party, had no right to control the cause, or take any step in it, more than other strangers to it.
We are also of opinion, that no writ of error layfrom the refusal of the court below, and that this matter must be stricken from the docket for want of jurisdiction.— We have spoken of the rights of the party who imagined himself aggrieved, because it was desired.
Judgment affirmed.